**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**L. Gregory YOPP, Respondent.**

**No. 2001–SC–0428–KB.**

Supreme Court of Kentucky.

Aug. 23, 2001.

Bruce K. Davis, Executive Director, Jane L. Herrick, Bar Counsel, Kentucky Bar Association, Frankfort, for complainant.

L. Gregory Yopp, Louisville, pro se.

## OPINION AND ORDER

L. Gregory Yopp of Louisville, was admitted to the practice of law in Kentucky on October 15, 1980.

On October 9, 2000, the Inquiry Commission of the Kentucky Bar Association charged him with two counts of professional misconduct. Count I alleges a violation of SCR 3.130(1.3) for failing to act with reasonable diligence and promptness in representing a client. Count II alleges a violation of SCR 3.130(1.4)(a) for failing to keep a client reasonably informed about the status of a matter and for failing to promptly comply with a reasonable request for information by the client.

In 1999, Yopp was retained to investigate issues between a client and his union. Yopp was paid a retainer of $500, but there was no written agreement regarding fee or representation. Yopp did review the records of the employer and the union as well as the union by-laws and in November of 1999, the client and counsel decided to file a lawsuit against the union. Yopp drafted a complaint and had the client sign it. The client paid Yopp $120 for the filing fee. In December of 1999, Yopp suffered business reverses in relation to a nonlegal business in which he was a partner. He claims that these business circumstances distracted him from his client's case. In February of 2000, the client telephoned him to inquire about the status of his case and was told that he would "get something going" in June or July. Yopp admits that he should have filed the complaint at that point, but did not, and that he put it aside and forgot about it. In April and May of 2000, the client repeatedly telephoned Yopp in unsuccessful attempts to learn about the status of his case. Yopp did not return the telephone calls and in July of 2000, the client discharged him and obtained his file. During this period, there was no written

correspondence between the lawyer and the client. The client did not request a return of the retainer or the filing fee, and Yopp did not refund those payments.

The Board of Governors of the KBA considered these charges and recommended to this Court that L. Gregory Yopp be suspended from the practice of law in Kentucky for 30 days and that he refund to the client the filing fee of $120.00.

Upon review of the record in this matter, we conclude that the evidence supports the recommendation of the Board of Governors. Therefore it is ORDERED that:

1) L. Gregory Yopp be suspended from the practice of law in Kentucky for 30 days. The period of suspension shall commence on the date of entry of this Opinion and Order. Further, he shall refund to the client the filing fee of $120.00 within ten days from the date of this Opinion and Order.

2) In accordance with SCR 3.450, Yopp shall pay the costs incurred in this proceeding in the amount of $472.31, for which execution may issue.

All concur except that Lambert, C.J., in addition to the penalty imposed, would require the refund of the $500.00 retainer; Johnstone, J., would impose a 14–day suspension.

Entered: August 23, 2001

/s/ Joseph E. Lambert
Chief Justice